UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RLI INSURANCE COMPANY                CIVIL ACTION NO. 6:16-CV-437

V.                                                      JUDGE: DOHERTY

ASHTON PUGH                             MAGISTRATE JUDGE: HANNA

**MEMORANDUM IN SUPPORT OF 12(B)(1) MOTION TO DISMISS**

**ALTERATIVE MOTION TO STAY**

**TABLE OF CONTENTS**
(In Compliance with Local Rule 7.8)

**TABLE OF CONTENTS**……………………………………………………………..…….1

**TABLE OF AUTHORITIES**……………………………………………………………...2

**MEMORANDUM IN SUPPORT - PREAMBLE** …………………………………………4

**FACTUAL OVERVIEW**……………………………………………………………………..4

**LAW AND ARGUMENT**………………………………………………………………......6

    A. RULE 12 MOTIONS……………………………………………………………..……6

    B. ABSTENTION GENERALLY……………………………………………………………......6

    C. COLORADO RIVER ABSTENTION …………………………………………………...7

    D. DECLARATORY JUDGMENT ABSTENTION……………………………………….…8

    E. ANALYSIS OF ABSTENTION FACTORS…………………………………………...……10

**ALTERNATIVE MOTION TO STAY**…………………………………………..….…13

**CONCLUSION** …………………………………………………………………....…...14

**SIGNATURE & CERTIFICATE** ..................................................................................15

## TABLE OF AUTHORITIES
(In Compliance with Local Rule 7.8)

**CASES**                                                              **PAGE**

*Atain Specialty Ins. v. Gayle Bourgeois, et al.*,
15-6803, 2016 WL 1366387, (E.D. La. 4/6/16)……………………………………………….10;12

*Branton Tools, LLC v. Exco Operating Co., LP*,
14-2417, 2015 WL 4662004, (W.D. La. 8/5/15)…………………………………………….10

*Bollinger Shipyards, Inc., v. Chartis Specialty Insurance Co.*,
12-1013 2013 WL 395475 (U.S. Dist. La. E.D. 1/31/13)………………………………………8

*City of New York v. Milhelm Attea & Bros.*,
550 F.Supp. 2d 332, 341-42 (E.D.N.Y. 2008)……………………………………………….6

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483 (1976)…………………………………….....7;8;11

*Encompass Indem. Co. v. O'Brien*,
14-2364, 2015 WL 772093, (E.D.La. 2/23/15)……………………………………………...13

*Gemini Ins. Co. v. Turner Industries Group, LLC*,
2014 3530475, (E.D. La. 7/16/14)………………………………………………………….12;13

*Great American Ins. Co. v. Cumberland Investment Group, LLC*,
No. 13-4763, 2013 WL 5755641, (E.D. La. 10/23/13)……………………………………………………………………………….12

*Hanover Ins. Co v. Latter & Blum Prop. Mgmt. Inc.*,
08-777, 2008 WL 2067060 (E.D.La. 5/14/08)…………………………………………………………………………….....10

*Highlands Ins. Co., v. A.E. Investments, Inc.*,
85-5521 (E.D. La. 7/8/86), 637 F.Supp. 213……………………………………………….8

*Huffman v. Pursue, Ltd*,
420 U.S. 592, 95 S.Ct. 1200, L.Ed.2d 482 (1975)……………………………………………….6

*Montpelier US Ins. Co. v. Henry*,
No. 13-CV-00773, 2014 WL 1713407, (W.D. La. 4/19/14)……………..…………………10

*Moses H. Cone Memorial Hospital v. Mercury Construction Co.*,
460 U.S. 1, 26, 103 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)…………..……………….……7

*Nat'l Cas. Co. v. Tom's Welding, Inc.*,
No. 11-3101, 2012 WL 2064451 (E.D. La. 6/7/12)……………………………………………13

*Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC*,
13-0955, 2014 WL 782832, (W.D. La. 2/24/14)……………….....………………………9;10

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706, 716 116 S.Ct. 1712, 135 L.Ed.2d 1, (1996)………………………….....…….6;7

*RLI Ins. Co. v. Wainoco Oil & Gas Co.*,
131 F. App'x 970, 971-72 (5th Cir. 2005)…………………………….....……………..13

*Republic of Colombia v. Diageo North Am. Inc.*,
531 F.Supp.2d 365, 381 (E.D.N.Y. 2007)……………………………………………….....…….6

*Scottsdale Ins. Co. v. Elliot*,
05-2431, 2005 WL 3543939 (E.D. La. 10/20/05)…………………………….…...……10

*St. Paul Ins. Co. v. Trejo*,
39 F.3d 585, 590-91 (5th Cir. 1994)……………………………………….……….….9;12

*Travelers Ins. Co. v. La. Farm Bureau Fed'n*,
996 F.2d 774, 778 (5th Cir.1993)…………………………………………….….…..9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)……………………………………...…7/8

**OTHER**

28 U.S.C. § 2201(a)……………………………………………………………………………8

5B Wright & Miller, § 1350……………………………………………………...……...……..6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RLI INSURANCE COMPANY     CIVIL ACTION NO. 6:16-CV-437

V.     JUDGE: DOHERTY

ASHTON PUGH     MAGISTRATE JUDGE: HANNA

## MEMORANDUM IN SUPPORT OF 12(B)(1) MOTION TO DISMISS
## ALTERATIVE MOTION TO STAY

NOW INTO COURT, through undersigned counsel, comes the intervenors, **THERESA MILLER, MISTY CALDWELL, MARCUS CALDWELL, SUSAN DUPRE,** individually and on behalf of her deceased husband, **KELLY DUPRE, SR., GREG ROCHEL, AND VERNA ROCHEL**, (hereinafter jointly "State Court Plaintiffs"), who respectfully submit the following Memorandum in Support of their 12(B)(1) Motion to Dismiss, Alternative Motion to Stay on the abstention doctrines:

### FACTUAL OVERVIEW

On or about **October 30, 2015**, the State Court Plaintiffs were operating and/or riding a group of four-wheelers and utility terrain vehicles (hereinafter jointly "UTVs") in a sugar cane field in St. Mary Parish, Louisiana. The UTV operated by Dewayne Rodriguez became inoperable and the State Court Plaintiffs stopped in a field off Victoria Riverside Ride.

At approximately, 8:19, p.m., Cabot P. Pugh, the major son of Ashton Pugh, who was permissively operating a 2002 GMC Sierra pick-up truck owned by his father (hereinafter "Pugh Vehicle"), suddenly and violently left the roadway thereby striking Kelly Dupre, Sr, Greg Rochel, and the UTVs occupied by Theresa Miller and Misty Caldwell, which caused the Caldwell UTV to flip.

The aforementioned incident caused by the negligence of Cabot P. Pugh and Ashton Pugh caused the death of Kelly Dupre, Sr. and substantial injuries to Greg Rochel, Theresa Miller, and Misty Caldwell.

On **December 16, 2015**, counsel for the State Court Plaintiffs sent a letter of representation to RLI informing of his representation of the aforementioned plaintiffs. (Doc. 10-3, Letter of Representation to RLI; Also Exhibit "1", Doc 13). Then, State Court Plaintiff's Counsel spoke to the counsel for RLI, who indicated that this claim may be able to be resolved without the necessity of filing suit. Thereafter, on **April 1, 2016**, RLI filed suit herein against Ashton Pugh herein requesting a declaration regarding an alleged material representation coverage defense.

The present federal suit was never disclosed to the State Court Plaintiffs or their counsel, in-fact, the existence of the subject federal suit was concealed.

On **April 14, 2016**, the State Court Plaintiffs filed a Petition for Damages entitled "*Theresa Miller, et al v. Cabot P. Pug, Ashton R. Pugh, National General Assurance Company, and RLI Insurance Company*" in Docket No. 129611 of the 16th Judicial District in and for the Parish of St. Mary, Louisiana. (Doc. 10-4, State Court Petition for Damages; Also Exhibit "2", Doc 13).

The aforementioned State Court Lawsuit names RLI and others as defendants. Notably, attached to the Petition was Interrogatories and Request for Production, which were to be answered within fifteen (15) days accordingly to state law. (Doc. 10-4; Exhibit "1", Doc. 13.). On **July 1, 2016**, RLI responded to the aforementioned written disclosure with 200+ pages of undivided and unseparated exhibits. Buried in those documents was the Complaint for Declaratory Relief filed herein, which constituted the State Court Plaintiffs **first ever notice** of the present federal action initiated by RLI. (Exhibit 1, Doc. 15-4, Letter Enclosing Discovery Responses).

Thus, State Court Plaintiffs filed a Motion to Intervene With Consent on July 15, 2016. (Doc. 10, Motion to Intervene)  The Court granted the subject Motion to Intervene on July 27, 2016. (Doc. 12, Order Granting Motion to Intervene)

## LAW AND ARGUMENT

### A.  RULE 12 MOTIONS

"A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to Rule 12(b)(1)." *City of New York v. Milhelm Attea & Bros.*, 550 F.Supp. 2d 332, 341-42 (E.D.N.Y. 2008), citing *Republic of Colombia v. Diageo North Am. Inc.*, 531 F.Supp.2d 365, 381 (E.D.N.Y. 2007) "Courts have recognized a variety of other defenses that one normally would not think of as raising subject matter jurisdiction questions when considering a Rule 12(b)(1) motion, including claims that … the subject matter is one over which the federal court should abstain from exercising jurisdiction."  5B Wright & Miller, § 1350

### B.  ABSTENTION GENERALLY

"We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending … state civil proceedings." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 116 S.Ct. 1712, 135 L.Ed.2d 1, (1996); Abstention has determined to be proper under a number of scenarios, such as:

1. "[C]ase which are duplicative of a pending state proceeding[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483 (1976); *Quackenbush*, at 717. [hereinafter "Colorado River abstention"]

2. "Accordingly, we have not limited the application of the abstention doctrines to suits for injunctive relief, but have also required federal courts to decline to exercise jurisdiction over certain classes of declaratory judgments." *Id*. at 718; *Huffman v. Pursue*, Ltd, 420 U.S. 592, 95 S.Ct. 1200, L.Ed.2d 482 (1975). [hereinafter "Declaratory Judgment Abstention]

In general, "federal courts have 'discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfied subject matter jurisdiction prerequisites." *Id*; *Quackenbush*, at 719. "[T]he traditional application of the abstention doctrine, derives from the discretion historically enjoyed by courts of equity. They further demonstrate that exercise of this discretion must reflect 'principles of federalism and comity.'" *Quackenbush*, at 728. [Internal Citations Omitted.]

### C. COLORADO RIVER ABSTENTION

In *Colorado River Water Conservation District*, *supra* (hereinafter "Colorado River"), there are "principles … and regard for federal-state relations which govern in situation involving the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts. These principals rest on consideration of 'wise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817. "The general principal is to avoid duplicative litigation." Factors, such as convenience of the federal forum, desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forum." *Id*. at 818. Further, the "extent of federal law" involved and the "adequacy of state proceedings" are factors. *Wilton*, at 286.

"One additional factor has also come into prominence: federal courts more readily abstain from a case that contains no issue of federal law." *Id*. at 1044. *Moses H. Cone Memorial Hospital v. Mercury Construction Co*., 460 U.S. 1, 26, 103 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "[T]he present of federal-law issues must be always be a major consideration weighing against surrender of jurisdiction. In the years since *Burford* the presence of a federal issue has become a significant element in deciding whether a court should abstain." *Lac D'Aminte du Quebec*, at 1044. [Internal Citations Omitted.] "We have increasingly recognized the wisdom of staying actions in the federal

courts pending determination a state court of decisive issue of state law." Holden v. Connex-Metalna Management Consulting GMBH, 302 F.3d 358 (5TH Cir. 2002)

In Highlands Ins. Co., v. A.E. Investments, Inc., 85-5521 (E.D. La. 7/8/86), 637 F.Supp. 213, the Court "abstain[ed] from exercising jurisdiction in this matter under the authority of Colorado River and its progeny" as follows:

> **The Declaratory Judgments Act must not be used to resolve only particular issues without settling the entire controversy … especially where the entire controversy may be settled by a suit in state court** … The purpose of 28 U.S.C. 2201 is not advanced by trying a case piecemeal…
>
> All issued raised in this action for declaratory judgment may be resolved in state court. **In addition, the state court action will full resolve all issues in dispute among these parties**, including several raised only by way of counter-claim or cross-claim and **possibly other not raised at all in the federal suit**.
>
> Id. at 214. [Emphasis Added.] See also Bollinger Shipyards, Inc., v. Chartis Specialty Insurance Co., 12-1013 2013 WL 395475 (U.S. Dist. La. E.D. 1/31/13),

"[T]he Court holds that the public interest weighs against the exercise of federal jurisdiction in this case. Where the whole of the controversy may be heard in contemporaneous state court proceedings, Highlands Insurance Company has no right to an adjudication of its interest (under state law) in this Court. The public interest demand that the time of the federal court be more judiciously spent." Id at 215.

### D. DECLARATORY JUDGMENT ABSTENTION

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy … any court of the United States … **may** declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a) (emphasis added). District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional requirements. Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The United States Fifth Circuit Court of Appeals has

outlined seven nonexclusive factors a district court should consider when deciding whether or not to exercise its discretion to forego jurisdiction in declaratory judgment actions:

1. Whether there is a <u>pending state action</u> in which **all** of the matters in controversy **may be <u>fully</u> litigated**,

2. Whether the plaintiff filed suit in **anticipation of a lawsuit filed** by the defendant,

3. Whether the plaintiff engaged in **<u>forum shopping</u>** in bringing the suit,

4. Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

5. Whether the federal court is a convenient forum for the parties and witnesses, ...

6. Whether retaining the lawsuit in federal court would serve the purposes of **judicial economy**," [and] ...

    ***

7. Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the <u>parallel state suit</u> between the same parties is pending.

<u>St. Paul Ins. Co. v. Trejo</u>, 39 F.3d 585, 590-91 (5th Cir. 1994) quoting <u>Travelers Ins. Co. v. La. Farm Bureau Fed'n</u>, 996 F.2d 774, 778 (5th Cir.1993). [Emphasis Added.]

A district court abuses its discretion "unless the district court addresses and balances the purposes of the [DJA] and the factors relevant to the abstention doctrine on the record." <u>Vulcan Materials Co. v. City of Tehuacana</u>, 238 F.3d 382, 390 (5th Cir.2001).

The seven *Trejo* factors address three primary considerations: (1) the proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency. <u>Sherwin-Williams Co. v. Holmes Cnty.</u>, 343 F.3d 383, 390-91 (5th Cir. 2003); <u>Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC</u>,. 13-0955, 2014 WL 782832, (W.D. La. 2/14/14).

This Court should decline to entertain the Declaratory Action and dismiss it, based on the reasoning of <u>St. Paul Ins. Co. v. Trejo</u>, 39 F.3d 585, 590-91 (5th Cir. 1994), and in accordance with the line of cases indicating a preference for dismissal of such actions seeking a separate

federal court declaration regarding state law coverage issues. *See Atain Specialty Ins. v. Gayle Bourgeois, et al.*, 15-6803, 2016 WL 1366387, (E.D. La. 4/6/15) (dismissing federal declaratory action filed by insurer regarding the duty to defend or indemnify, in light of parallel state court litigation); *Branton Tools, LLC v. Exco Operating Co., LP*, 14-2417, 2015 WL 4662004, (W.D. La. 8/5/15) (granting dismissal of declaratory action concerning insurance coverage, while a state court suit for personal injuries was pending); *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC*, 13-0955, 2014 WL 782832, (W.D. La. 2/24/14) (granting dismissal of federal declaratory action which sought a determination on insurance coverage where there was parallel state court litigation and, after amendment, all parties in state court); *Montpelier US Ins. Co. v. Henry*, No. 13-CV-00773, 2014 WL 1713407, (W.D. La. 4/19/14) (dismissing with prejudice); *Hanover Ins. Co v. Latter & Blum Prop. Mgmt. Inc.*, 08-777, 2008 WL 2067060 (E.D.La. 5/14/08) (denying motion for reconsideration); *Scottsdale Ins. Co. v. Elliot*, 05-2431, 2005 WL 3543939 (E.D. La. 10/20/05) (granting motion to dismiss declaratory action by insurer).

### E. ANALYSIS OF ABSTENTION FACTORS

In this matter, the Federal Declaratory Coverage Action filed by RLI is only concerning one affirmative defense (material misrepresentation) in the State Court Damages Suit. (See Exhibit, 2, Doc. 15-4, RLI's Answer to State Court Petition for Damages.) Accordingly, RLI has asserted many other coverage defenses in the State Court Damages Action than it has in the present Federal Declaratory Coverage Filed. Accordingly, even if, the State Court Plaintiffs were able to prevail on coverage herein, the State Court Plaintiffs would still be required to go to the State Court Damages Suit and continue to litigate with RLI on coverage. This suit would not put any end to any dispute.

Further, the State Court Damage suit is comprehensive. It deals with insurance coverage, damages and liability amongst all defendants. It will resolve all issues between all parties.

While we reference all parties, State Court Plaintiffs would like to point out to the Court that there are indispensable parties missing from the present federal suit. Calbot Pugh, the primary tortfeasor, who was using a vehicle owned by father insured by RLI, is an insured (although not the named insured) in the RLI policy of insurance. He is a not party to the present litigation.

Additionally, RLI is the excess insurer. The underlying insured, who is also asserting State Court coverage defense is National General Assurance Company. Notably, one of RLI's State Court coverage defenses is that the excess policy is not effective because there was no underlying coverage. No doubt, the State Court is a proper forum for decided coverage defenses as RLI has asserting those in its answer.

Thus, another factor – the Federal Declaratory Coverage Action is solely based on State Law. There is no implication of Federal Law in this proceeding.

Upon information and belief, the present action is its infancy with only Initial Disclosures being made *i.e.*, no written interrogatories or request for production of documents exchanged, no depositions, no dispositive motion, and no trial date.

The State Court Plaintiffs were forced to Intervene in the present action because RLI attempted to prejudice their rights in their absence. The abstention doctrine both under Colorado River and discretionary nature of the Declaratory Judgment Act are designed for this particular type of case where a pending State Court action will dispose of all issues. Requiring the parties to litigate coverage in multiple form is contrary to judicial economy, judicial administration, and the law desire to avoid duplicative litigation. Further, it causes unnecessary expense for the State Court Plaintiffs and Ashton Pugh. Ashton Pugh is being provided a defense in the State Court

action by the underlying insurer; however, upon information and belief, no insurer is providing his defense herein. RLI efforts only increase litigation cost.

As the Fifth Circuit has advised, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Great American Ins. Co. v. Cumberland Investment Group, LLC*, 13-4763, 2013 WL 5755641, (E.D. La. 10/23/13), quoting *Sherwin-Williams*, 343 F.3d at 390-91. The *Trejo* standard does not require that the state and federal court actions be identical, to be considered parallel, as long as the pending state actions allow for all of the matters in controversy to be fully litigated. *Gemini Ins. Co. v. Turner Industries Group, LLC*, 2014 3530475, (E.D. La. 7/16/14), citing *Trejo*, 39 F.3d at 590.

The Eastern District of Louisiana recently granted dismissal in a similar case. *Atain Specialty Ins. v. Gayle Bourgeois, et al.*, 15-6803, 2016 WL 1366387, (E.D. La. 4/6/16) ("Piecemeal litigation does not serve the interests of the judiciary. Further, this federal action is in its nascent stages, so the economy interest in preserving the federal action is slight"). As in *Great American Ins. Co. v. Cumberland Investment Group, LLC*, No. 13-4763, 2013 WL 5755641, (E.D. La. 10/23/13), this court should grant the motion to dismiss because "the exercise of jurisdiction here would result in a gratuitous interference with the state court proceeding."

No doubt, RLI will state that its suit was filed first. However, this suit was never disclosed to the State Court Plaintiffs. State Court Plaintiffs believe that that subject action was intentionally concealed from the State Court Plaintiffs by RLI (See Doc. 10-3, Intervention; Also Doc. 13), which State Court Plaintiffs aver was for the purpose of forum shopping. Nonetheless, that argument is not dispositive of the issue. First, Declaratory Judgment Abstention considers whether

the declaratory judgment action was in **anticipation** of a State Court Suit, which was no doubt the case in the present matter with RLI having received State Court Plaintiffs letter of representation. An anticipatory suit is not sufficient to defeat considerations of federalism, duplicative actions, undue litigation expense, and piecemeal litigation. Nonetheless, the suits were coincidentally (because RLI provided no notice to the State Court Plaintiffs) filed within fourteen days a part, which not significant enough to lead to a different substantive law result.

In *Gemini*, the Eastern District of Louisiana granted a motion to dismiss a similar declaratory action in which the insurer filing the federal action was added to the state litigation after the filing of the federal action. *See also Encompass Indem. Co. v. O'Brien*, 14-2364, 2015 WL 772093, (E.D.La. 2/23/15) (granting motions to dismiss, declining to exercise jurisdiction over a similar declaratory action filed by an insurer). *See, e.g., Nat'l Cas. Co. v. Tom's Welding, Inc.*, No. 11-3101, 2012 WL 2064451 (E.D. La. June 7, 2012) (dismissing the federal declaratory judgment action where the state court action had not even been filed yet, but was only threatened).

## ALTERNATIVE MOTION TO STAY

This is not the first time RLI has filed an anticipatory federal lawsuit only to have it derailed by the abstention doctrines. *See RLI Ins. Co. v. Wainoco Oil & Gas Co.,* 131 F. App'x 970, 971-72 (5th Cir. 2005) (affirming the "reasoned" decision of the district court to abstain and stay the federal declaratory action concerning the duty to defend and insurance coverage issues, where the federal declaratory action was filed before the state court declaratory action, but there was an existing state court tort proceeding).

## CONCLUSION

The State Court Plaintiffs, **THERESA MILLER, MISTY CALDWELL, MARCUS CALDWELL, SUSAN DUPRE**, individually and on behalf of her deceased husband, **KELLY DUPRE, SR., GREG**

**ROCHEL, AND VERNA ROCHEL**, pray that this Court dismiss the Complaint for Declaratory Relief filed by RLI.  State Court Plaintiffs have already suffered the death of their friend and a husband, been personally struck with a vehicle, suffering substantial and life threatening injuries, incurred mountains of medical bills, and been forced to litigate coverage defense from every insurer.  State Court Plaintiffs request that this Court expedite the litigation regarding this matter by precluding duplicative litigation, remedy undue litigation expense, and avoid piecemeal litigation.  State Court Plaintiffs believe that the abstention doctrine, which arise from consideration of equity, were created for this very purpose.  State Court Plaintiffs respectfully request that this Court utilize its discretionary to not exercise jurisdiction in this proceeding.  State Court Plaintiffs suggestion that a stay or dismissal pending resolution of the State Court litigation is appropriate.

*Respectfully Submitted*,

**LABORDE EARLES LAW FIRM, LLC.**

By: ____/s/ Jeff D. Easley_____

**DERRICK G. EARLES (Bar #29570)**
**JEFF D. EASLEY (Bar #34170)**
306 N. Washington Street
Marksville, Louisiana 71351
Phone: (318) 253-3297
Fax: (318) 253-7757
Email: jeff@onmyside.com
**ATTORNEYS FOR THE INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27TH day of July, 2016, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Jeff D. Easley
_____
JEFF D. EASLEY