**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY** | § | **CIVIL ACTION NO. 6:16-cv-00437** |
| | § | |
| **v.** | § | **JUDGE: DOHERTY** |
| | § | |
| **ASHTON PUGH** | § | **MAGISTRATE JUDGE: HANNA** |

**RLI INSURANCE COMPANY'S OPPOSITION TO**
**MOTION TO DISMISS/STAY [Doc.15], AND MEMORANDUM IN SUPPORT**

Contrary to the State Court Plaintiffs' Motion to Dismiss or Alternatively to Stay, this declaratory judgment action brought by RLI Insurance Company (the "RLI Suit") is not a "parallel action" that meets the criteria supporting abstention or staying this action.

## I.      BACKGROUND

### A.      The RLI Suit.

RLI filed this declaratory judgment action on April 1, 2016.  (Doc. 1, Complaint)  The RLI Suit seeks to rescind RLI Policies issued to Ashton Pugh by proof of three requirements: misrepresentations made on RLI insurance applications; that were material to RLI's acceptance of the risk; and made with the intent to deceive RLI.  Each of these requirements occurred prior to the loss that is the subject of the State Court Plaintiffs' lawsuit (the "State Court Suit").  None of these requirements relate to a determination of coverage under the terms of the RLI Policies for the State Court Plaintiff's injuries alleged in the State Court Suit.  Rather, the RLI Suit speaks to the validity of a contract between its only parties — RLI and Ashton Pugh.

Ashton Pugh filed an answer on May 6, 2016.  (Doc. 4, Answer)  The parties exchanged initial disclosures and related documents on June 27, June 28 and July 11, 2016.  (Doc. 11, Rule 26(f) Report ¶2)  The Court issued a Scheduling Order on June 7, 2016, and conducted a jurisdictional review on July 6, 2016.  (Docs. 6, 9)  RLI has issued two subpoenas *duces tecum*

and Ashton Pugh has responded to requests for admission, requests for production and interrogatories.  (See Ex. 1)  Pugh's discovery responses acknowledge that there are several false statements contained in the RLI applications.  (*Id.*)  The parties do not anticipate using any experts in the RLI Suit. (Doc. 11, Rule 26(f) Report ¶7)

> **B.**    **The State Court Suit.**

The State Court Suit was filed April 14, 2016 and is tort-based.  (Ex. 2)  It arises from a vehicular accident involving Ashton Pugh's son, Cabot Pugh, and the State Court Plaintiffs.  The State Court Suit alleges Cabot Pugh was intoxicated while operating a vehicle, causing him to strike the State Court Plaintiffs who were standing near the side of a highway.  It alleges a negligent entrustment claim against Ashton Pugh claiming that he "knew or should have known of Cabot P. Pugh's impaired condition on the night of October 30, 2015, yet still allowed Cabot P. Pugh to use the Pugh vehicle."  (*Id.*)  The State Court Suit also asserts direct action claims against Ashton Pugh's primary auto carrier (National General Assurance Company) and excess umbrella carrier (RLI).  Upon information and belief, all defendants have not answered and responded to discovery in the State Court Suit.

## II.    ARGUMENT AND AUTHORITIES

### A. The Declaratory Judgment Act and Abstention – Discretionary Standard.

Federal district courts analyze three questions when determining whether to decide or dismiss a case brought under the Declaratory Judgment Act:  "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."  *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citations omitted).  This Court has previously determined that the RLI Suit seeking rescission of the RLI Policy meets the jurisdictional requirements of this Court. (Doc. 9, Jurisdictional Review)  The pleadings in the RLI Suit further establish an actual

controversy among the parties, *i.e.* whether or not Ashton Pugh intended to deceive RLI for

rescission of the RLI Policy.  (Doc. 11, Rule 26(f) Report at ¶¶5-6)

The final element of discretion has previously been addressed by this Court.  "[A]s in

every declaratory judgment action, this court has broad discretion to dismiss or decide the issues

presented.  'A district court has broad, but not unfettered, discretion to retain or dismiss a

declaratory judgment suit.'  In fact, '[i]t is now well-settled in the Fifth Circuit that a district

court has discretion over whether to decide or dismiss a declaratory judgment action.'  But a

district court may not dismiss a request for declaratory relief on the basis of whim or personal

disinclination; instead, the court must address and balance the purposes of the Declaratory

Judgment Act and the factors relevant to the applicable abstention doctrine." *Montpelier US Ins.*

*Co. v. Henry*, 6:13–cv–00773, 2014 WL 1713407,*4 (W.D. La. Apr. 29, 2014) (J. Doherty; J.

Hanna) (citations omitted).  This Court has further noted that "federal courts have a 'virtually

unflagging' obligation to exercise the jurisdiction granted to them.  Accordingly, the mere

'pendency of an action in the state court is no bar to proceedings concerning the same matter in

the Federal court having jurisdiction.'  In 'extraordinary and narrow' circumstances, however, a

district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of

federal jurisdiction is the exception, not the rule." *Id.* (citations omitted).

Because the RLI Suit seeks a declaration of rights, and not monetary or other relief, the

Court's discretion to stay or dismiss the suit is governed by the guidance set forth in *Brillhart v.*

*Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and

reaffirmed in *Wilton v. Seven Falls Co*., 515 U.S. 277, 289, 115 S. Ct. 2137, 2144, 132 L. Ed. 2d

214 (1995).  *American Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250

(5th Cir. 2005).  The Fifth Circuit has developed seven factors, which are not mandatory,

3

exhaustive or exclusive, to aid district courts in their determination of whether to exercise

discretion over a declaratory judgment proceeding:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

3) whether the plaintiff engaged in forum shopping in bringing the suit,

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

5) whether the federal court is a convenient forum for the parties and witnesses,

6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993) (first six factors);

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir.1994) (seventh factor).

## B.  **Application of the *Travelers/Trejo* Factors.**

Application of the seven *Travelers/Trejo* factors weigh heavily in favor of the district

court maintaining jurisdiction over this declaratory judgment action.

### 1.  **Factor No. (1): The Pending State Action.**

The first factor speaks to the proper allocation of decision making between state and

federal courts. *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003).

Under this analysis, it is important to understand that the RLI Suit is not seeking a declaratory

judgment regarding the duty to defend, duty to indemnify, or application of certain policy

language to facts to preclude coverage.  RLI recognizes that abstention has traditionally been

granted in those cases because allegations and facts in a state court case overlap with the

4

requested coverage determination in a federal court case.  All of the cases cited in the State Court Plaintiffs' Motion fall within that category.  (Doc. 15-2, Motion to Dismiss pp.10, 12-13)

In stark contrast, the RLI Suit does not seek a coverage determination.  The RLI Suit is narrow in that it seeks a declaratory judgment voiding and rescinding the RLI Policies due to material misstatements Ashton Pugh made in the application process.  Indeed, RLI is an excess insurer, whereas the primary insurer, National General Assurance Company, is defending the Pughs in the State Court Suit.  The RLI Suit does not seek to have this Court apply policy exclusions to deny coverage, but rather seeks to void entire policies based on statements made prior to the accident that is the subject of the tort claims in the State Court Suit.  There is no overlap between these facts.

Indeed, the RLI Suit is contract-based, whereas the State Court Suit is tort-based, arising out of an automobile accident involving Ashton Pugh's son, Cabot Pugh.  The RLI Suit focuses on Ashton Pugh's misrepresentations in the application and underwriting process for insurance coverage.  The State Court Suit alleges that Cabot Pugh was under the influence of one or more controlled dangerous substances, including marijuana and OxyContin, which significantly impaired his ability to operate a vehicle and caused the State Court Plaintiffs' injuries. (Ex. 2) Although Ashton Pugh is a party to the State Court Suit, the allegations against him are completely different from the allegations in the RLI Suit.  Specifically, the State Court Suit alleges a negligent entrustment claim against Ashton Pugh claiming that "knew or should have known of Cabot P. Pugh's impaired condition on the night of October 30, 2015, yet still allowed Cabot P. Pugh to use the Pugh vehicle."  (*Id.* ¶16)   Quite obviously, Ashton Pugh's misrepresentations on an insurance application dated months before the accident have absolutely nothing to do with his alleged negligent entrustment of a vehicle to his son on October 30, 2015.

The Court should consider the State Court Plaintiffs' motives in trying to consolidate this rescission action with their tort suit.  The State Court Suit alleges that Ashton Pugh "knew or should have known" of Cabot Pugh's impaired condition but nonetheless allowed him to drive and injure the State Court Plaintiffs.  Accordingly, Pugh's knowledge and credibility are at issue in the State Court Suit.  Pugh's credibility is also at issue in the RLI Suit, namely his intent to deceive RLI with material misrepresentations to obtain insurance coverage.  In discovery, Pugh has acknowledged that there are false statements on the RLI applications, such that his intent to deceive is the remaining issue. (See Ex. 1)  RLI's completely unrelated challenge to Pugh's intent and knowledge will certainly be prejudicial to Pugh's defense against the State Court Suit's allegations that Pugh knew or should have known of his son's impairment.  In addition, Ashton Pugh's admitted knowledge of Cabot Pugh's multiple felony arrests, charges and convictions, including felony carnal knowledge of a juvenile, are also relevant misrepresentations supporting rescission of the RLI Policy.  (*Id.*)  Interjecting these prejudicial and irrelevant facts into the State Court Suit will only serve to confuse and inflame a jury against Pugh, thereby giving an undue advantage to the State Court Plaintiffs.  Under these circumstances, the State Court Suit and RLI Suit cannot be consolidated under Louisiana law. *See* La. C.C.P. art. 1561 ("Consolidation shall not be ordered if it would do any of the following: (1) Cause jury confusion. (2) Prevent a fair and impartial trial. (3) Give one party an undue advantage. (4) Prejudice the rights of any party.").  Thus, all matters in controversy cannot be fully litigated in one forum and the State Court Plaintiffs' motion must be denied.  *Trejo*, 39 F.3d at 590.  The first factor weighs heavily in favor of RLI and against abstention.

### 2.   Factors (2) & (3): Anticipation and Forum Shopping.

It is undisputed that RLI filed this narrow declaratory-judgment action seeking rescission of a contract between RLI and Ashton Pugh prior to the State Court Plaintiffs bringing their tort action in State court.  What is important, however, is the fact that the defendant — Ashton Pugh — has not filed a suit or claim against RLI, thereby making the factors of anticipation of litigation and forum shopping irrelevant.  The State Court Plaintiffs' suggestion that RLI somehow "hid" the RLI Suit from them is totally false.  RLI did not join the State Court Plaintiffs to the RLI Suit because they are not parties to the RLI Policies.  Also, counsel for the State Court Plaintiffs never spoke to counsel for RLI prior to filing the State Court Suit and RLI timely produced a copy of the RLI Suit with its initial discovery responses.  While RLI did not object to the State Court Plaintiffs intervening in this suit, counsel for State Court Plaintiffs never disclosed their true intention of seeking to dismiss the RLI Suit rather than protect any perceived interest in the policy as allowed by Rule 24.  Finally, RLI has not asserted typical coverage defenses in the RLI Suit that could overlap with the State Court Suit.  Rather, RLI seeks a declaration that its contract with Ashton Pugh is void and rescinded.  Thus, the second and third factors are also against abstention.

### 3.   Factors (4)(5)&(6): Judicial Economy, Convenient Forum, & Precedence.

As previously explained, State law coverage issues related to the duty to defend, indemnify, and policy terms and exclusions are not addressed in the RLI Suit.  There is simply no overlap or duplication of the State Court Suit.  The RLI Suit addresses Ashton Pugh's misrepresentations made on RLI applications for insurance.  (*See* Docs. 1-5, 1-6, 1-7, 1-8, Applications signed by Ashton Pugh)  Cabot Pugh did not complete and is not identified in the RLI applications.  Thus, he is not an indispensable party to RLI's suit for rescission.

This Federal Court provides a convenient forum for a declaratory judgment of rescission. As discussed above, the facts in the RLI Suit and State Court Suit are completely unrelated. Indeed, if they were combined, the State Court Plaintiffs could gain an unfair advantage because both the State Court Plaintiffs and RLI would be attacking Ashton Pugh's credibility on completely unrelated events.

The witnesses for the RLI and State Court Suits are also different.  Ashton Pugh's written discovery responses in the RLI Suit acknowledges false statements are in the RLI applications: that Cabot Pugh resided with him in 2015 and he was aware of Cabot Pugh's various criminal arrests, charges and convictions. (Ex. 1)  RLI has to prove the remaining elements of Ashton Pugh's intent-to-deceive and the fact that RLI would not have issued the RLI Policies had it known the truth (which is also undisputed).  Thus, the key witnesses in the RLI Suit should be RLI, Ashton Pugh and Pugh's insurance agent (RLI understands that Pugh intends to claim his agent filled out the RLI applications).  The parties in the RLI Suit do not foresee having any expert testimony.  (Doc. 11, Rule 26(f) Report at p.2 ¶7)

On the other hand, the State Court Suit involves scores of witnesses completely unrelated to the rescission action.  The State Court Plaintiffs, Cabot Pugh, police officers, and medical personnel will all have relevant testimony, along with expert medical testimony.  Although Ashton Pugh is a party to the State Court Suit, the allegations against him are completely different from the allegations in the RLI Suit.  As noted above, the State Court Suit alleges negligent entrustment, whereas the RLI Suit alleges material misrepresentations on insurance applications.  Quite obviously, Ashton Pugh's misrepresentations on an insurance application dated months before the accident have absolutely nothing to do with his alleged negligent

entrustment of a vehicle to his son on October 30, 2015.  There is no duplicative litigation or unnecessary expense.[1]

Finally, the parties in the RLI Suit have already exchanged initial disclosures and documents on June 27, June 28 and July 11, 2016. (Doc. 11, Rule 26(f) Report at ¶2)  RLI has issued several subpoenas *duces tecum* to third parties and Ashton Pugh has responded to written requests for admission, interrogatories and requests for production. (Ex. 1)

Proceeding separately with these two independent claims, the facts of which could be highly prejudicial to Ashton Pugh if tried together, favors RLI under these three factors.

### 4. Factor (7): Parallel Suits.

While on its face the seventh factor appears inapplicable, the State Court Plaintiffs have seized upon the "parallel suits" language to support abstention.  For all of the reasons provided herein, the RLI and State Court Suits are neither parallel nor factually related.

## III.  CONCLUSION

In sum, the legal issues and facts before the State Court Suit and Federal RLI Suit are completely different and should be separately maintained.  Indeed, based on the potential prejudice and unfair advantages consolidating the claims would create, it is doubtful the claims could be heard by one court.  To minimize costs, counsel for RLI and Ashton Pugh previously discussed noticing depositions in both cases to prevent presenting witnesses twice.  However, the seven *Travelers/Trejo* factors weigh in favor of denying both the motion to abstain and stay.

Wherefore premises considered, RLI respectfully requests that the State Court Plaintiffs' Motion be denied.

---

[1]     The State Court Plaintiffs' suggestion that Ashton Pugh would be afforded a defense in the State Court Suit against the rescission allegations is flat wrong.  It is axiomatic that liability insurance coverage does not apply to contract disputes.

Respectfully submitted,

*/s/ Tammy L. Clary*
GREG K. WINSLETT, Trial Attorney
Texas Bar No. 21781900 (admitted pro hac vice)
TAMMY L. CLARY
Louisiana Bar No. 25621
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
gwinslett@qslwm.com
tclary@qslwm.com

**ATTORNEYS FOR PLAINTIFF**
**RLI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was forwarded to all counsel of record via electronic mail and facsimile on August 17, 2016.

*/s/ Tammy L. Clary*
Tammy L. Clary