UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RLI INSURANCE COMPANY                    CIVIL ACTION NO. 6:16-cv-00437

VERSUS                                   JUDGE DOHERTY

ASHTON PUGH                              MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending before the Court is the motion to dismiss this action for lack of jurisdiction or, alternatively, to stay this action (Rec. Doc. 15), which was filed by the intervenors, Theresa Miller, Misty Caldwell, Marcus Caldwell, Susan Dupre (individually and on behalf of her deceased husband, Kelly Dupre, Sr.), Greg Rochel, and Verna Rochel.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 19).  The motion is opposed (Rec. Doc. 21), and oral argument was held on September 27, 2016.  For the reasons set forth below, the undersigned recommends that the motion be denied.

### FACTUAL  BACKGROUND

This lawsuit presents a dispute between an insurance company and its alleged insured.  According to the complaint, RLI Insurance Company issued four excess personal umbrella liability insurance policies to Ashton Pugh.  The first policy covered the time period from September 3, 2012 to September 3, 2013, and the next

three policies each covered a successive one-year time period.  Each policy afforded $1 million in coverage per occurrence, and each had a $500 deductible per occurrence.  Mr. Pugh was allegedly required to fill out and sign an application before each policy was issued.  The complaint alleged that, in each application, Mr. Pugh was asked to list the persons who lived in his household and any other person who operates a vehicle owned, leased, rented, or regularly operated by him at least half the time, and to disclose whether any member of his household had been indicted, charged with, or convicted of a felony within the last five years.  It is alleged that in filling out the applications, Mr. Pugh failed to advise that his son Cabot Pugh lived in his household and had been convicted of a felony and charged with another felony before the most recent application for insurance was submitted to RLI.  RLI contends that Ashton Pugh intentionally provided false information in the applications and further contends that it would not have issued the policies if Ashton Pugh had disclosed truthful information in the applications concerning Cabot Pugh's residence and criminal history.  In this lawsuit, RLI seeks a declaration that the insurance polices are void because of material misrepresentations made by Ashton Pugh in the applications for insurance coverage.

The complaint also alleged that, while driving a 2002 GMC pickup truck on October 30, 2015, Cabot Pugh collided with several all-terrain vehicles and their

passengers in Patterson, Louisiana.  One man allegedly died in the incident, and three others were allegedly injured.  It is alleged that the victims advised RLI that they are seeking to recover the policy limits of any applicable RLI policies.

The instant motion to dismiss was filed on behalf of Theresa Miller, Misty Caldwell, Marcus Caldwell, Susan Dupre (individually and on behalf of her deceased husband, Kelly Dupre, Sr.), Greg Rochel, and Verna Rochel.  These six persons alleged that they have instituted a lawsuit in a Louisiana state court seeking to recover for the injuries they allegedly sustained in the October 30, 2015 incident.  They alleged that Cabot Pugh's vehicle struck Mr. Dupre, Mr. Rochel, and the all-terrain vehicle in which Ms. Miller and Ms. Caldwell were riding, resulting in the death of Mr. Dupre and physical injuries to Mr. Rochel, Ms. Miller, and Ms. Caldwell.  They intervened in this lawsuit, and in their motion to dismiss, they seek to have this lawsuit dismissed or stayed pending the resolution of the state-court proceeding.

### ANALYSIS

The intervenors styled their motion as a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The motion raises two separate issues.  The first issue is whether the court has subject-matter jurisdiction over this action.  The second issue is whether the applicability of a relevant abstention doctrine requires the plaintiff's complaint to be dismissed or stayed.

## I.   <u>DOES THIS COURT HAVE JURISDICTION OVER THE PLAINTIFF'S CLAIM?</u>

In its complaint, RLI alleged that the court has subject-matter jurisdiction under 28 U.S.C. § 1332.  Federal courts are courts of limited jurisdiction and have only the power authorized by the Constitution and by statute.[1]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[2]  In this case, RLI must bear that burden.  This Court previously reviewed the pleadings and found that RLI had satisfied its burden.[3]  The intervenors have not persuaded this Court that its original finding was incorrect.

Under 28 U.S.C. § 1332, a federal district court has subject-matter jurisdiction over an action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  In its complaint, RLI alleged that it is an Illinois corporation with its principal place of business in Illinois.[4]  A corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business.[5]  Therefore, RLI is an Illinois citizen.  In its complaint,

---

[1]     *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  See also, e.g., *Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

[2]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[3]     Rec. Doc. 9.

[4]     Rec. Doc. 1 at 1.

[5]     28 U.S.C. § 1332(c)(1).

RLI alleged that the defendant, Ashton Pugh, is a Louisiana domiciliary and citizen.[6] The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[7]  Therefore, Mr. Pugh is a Louisiana citizen, and the plaintiff and defendant are diverse in citizenship.

This Court's original jurisdictional review was undertaken before the intervenors became parties to the lawsuit.   In their motion to intervene, the intervenors contended that they are intervenors of right, under Fed. R. Civ. P. 24, seeking to protect their rights and to avoid the risk that their rights might be adjudicated in their absence.[8]   In the motion to intervene[9] and again in the intervention complaint,[10] the intervenors averred that they are all Louisiana domiciliaries and therefore Louisiana citizens.  If the intervenors were aligned with the plaintiff, then their presence in the lawsuit would have destroyed diversity, and this Court would have been required to deny the motion to intervene.[11]

---

[6]      Rec. Doc. 1 at 1.

[7]      *Hollinger v. Home State Mutual Insurance Co*., 654 F.3d 564, 571 (5th Cir. 2011).

[8]      Rec. Doc. 10 at 1.

[9]      Rec. Doc. 10 at 1.

[10]      Rec. Doc. 13 at 1.

[11]      See *Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir. 2010).

-5-

The "generally accepted test for alignment places the parties with the same 'ultimate interests' in the litigation on the same side."[12] To make that determination, a court is required to "look beyond the pleadings and arrange the parties according to their sides in the dispute to ensure that the parties have a collision of interests over the principal purpose of the suit and the primary and controlling matter in dispute."[13] In this case, it is clear that the intervenors' interests are adverse to that of RLI. They will be able to recover under RLI's insurance policies only if there is a threshold finding that those policies are viable, while RLI's position in this lawsuit is that the policies were void from the moment of their issuance. Accordingly, the intervenors are aligned with the defendant in this lawsuit, and the lack of diversity between the intervenors and RLI did not destroy diversity when the motion to intervene was granted. The parties to this lawsuit remain diverse in citizenship.

To satisfy its burden of showing that the amount in controversy is sufficient to support federal-court jurisdiction, RLI was required to either (1) demonstrate that it is facially apparent that its claims are likely valued above $75,000 or (2) set forth

---

[12]    *Chesapeake Louisiana, L.P. v. Buffco Production, Inc.*, 564 Fed. App'x 751, 755 (5th Cir. 2014) (unpublished) ; *Griffin v. Lee*, 621 F.3d at 388.

[13]    *Chesapeake Louisiana, L.P. v. Buffco Production, Inc.*, 564 Fed. App'x at 755 (quoting *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (internal quotation marks omitted)).

specific facts that support a finding of the jurisdictional amount.[14]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[15]  In this case, the issue is whether RLI's insurance policies are void due to alleged misrepresentations by the prospective insured.  RLI alleged in its complaint that there are four policies, that each policy affords $1 million in coverage per occurrence, and that the victims of the October 2015 incident (the intervenors in this lawsuit) advised RLI that they are seeking to recover the policy limits of the four policies.  Therefore, the right to be protected or the injury to be prevented in this case is the amount of coverage afforded by the four policies.  Thus, it is facially apparent that the amount in controversy exceeds the statutory minimum.  Consequently, both prongs of the jurisdictional analysis are satisfied.

In support of their argument that the court lacks subject-matter jurisdiction, the intervenors cited two district court cases from the Eastern District of New York for the proposition that a motion raising an abstention issue should properly be made under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Those cases are not binding on this Court.  Furthermore, although abstention is sometimes analyzed under

---

[14]   *St. Paul v. Greenberg*, 134 F.3d at 1253.

[15]   *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

Rule 12(b)(1) by courts in the Fifth Circuit,[16] the Fifth Circuit has explained that "abstention doctrines are not exceptions to the federal courts' jurisdiction, but are rather judicially created guidelines defining circumstances in which courts may decline to exercise jurisdiction. . . ."[17] Thus, strictly speaking, abstention is not a challenge to the court's subject-matter jurisdiction that may be raised at any time.[18] Federal courts do not abstain because they lack jurisdiction; rather, abstention reflects a court's prudential decision not to exercise its jurisdiction.[19]  Therefore, the intervenors' argument that the court should abstain is not a challenge to the court's subject-matter jurisdiction and does not change the earlier finding that the court has subject-matter jurisdiction over this action.

---

[16]     See, e.g., M.D. v. Perry, 799 F.Supp.2d 712, 715, n. 3 (S.D. Tex. 2011), where the court noted that "[t]here is some dispute as to whether a *Younger* or *Burford* abstention argument should be raised under Rule 12(b)(1) or Rule 12(b)(6)" but also listed examples of district court rulings that addressed abstention issues in the context of a Rule 12(b)(1) motion.

[17]     *American Bank and Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993).

[18]     See Fed. R. Civ. P. 12(b)(1) and (h)(3).

[19]     *Weekly v. Morrow*, 204 F.3d 613, 614–15 (5th Cir. 2000); *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994); *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358-59 (1989).

-8-

## II.    SHOULD THE COURT EXERCISE ITS DISCRETION AND DECLINE TO DECIDE THIS DECLARATORY JUDGMENT ACTION?

The intervenors argued that the court should decline to entertain this declaratory judgment action, raising both the issue of whether RLI's complaint meets the essential elements for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and also raising the issue of whether abstention would be appropriate.

"The Declaratory Judgment Act. . . is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[20]  It is well-settled that a district court has broad discretion over whether to decide or dismiss a declaratory judgment action.[21]  Before making that decision, however, a district court must first (1) determine whether the declaratory action is justiciable; (2) determine whether the court has the authority to grant declaratory relief; and (3) determine how to exercise its broad discretion to decide or dismiss the action.[22]

In this case, there clearly is an actual controversy between the parties to the action, with RLI taking the position that its policies are void and Mr. Pugh's answer

---

[20]     *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co*., 515 U.S. 277, 287 (1995)).

[21]     *Travelers Insurance Co. v. Louisiana Farm Bureau Federation*., 996 F.2d 774, 778 (5th Cir. 1993); *Granite State Insurance Co. v. Tandy Corp*., 986 F.2d 94, 96 (5th Cir. 1992).

[22]     *Sherwin–Williams v. Holmes County*, 343 F.3d at 387; *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

to the complaint joining issue.  "An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.  The district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment."[23]  In this suit, there is no ripeness issue.  RLI's complaint presents an actual controversy concerning not the extent of coverage afforded by the policy but the very existence of each insurance policy, and sufficient facts are set forth in RLI's complaint to permit an understanding of the issues that will ultimately have to be decided on the merits.

Second, there is no question that the court has authority to grant the declaratory relief sought by RLI.  As noted above, the court has subject-matter jurisdiction over this action.  No issue has been raised concerning the court's personal jurisdiction over the parties to this action.  The suit was filed in a court of proper venue.  Succinctly, no jurisdictional or procedural obstacles have been identified as interfering with the court's authority to decide the dispute that is presented here.

Third, as in every declaratory judgment action, the court has broad discretion to dismiss or decide the issues presented.  "A district court has broad, but not

---

[23]        *American States Insurance Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).

unfettered, discretion to retain or dismiss a declaratory judgment suit."[24]  In fact, "[i]t is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action."[25]  But a district court may not dismiss a request for declaratory relief on the basis of whim or personal disinclination; instead, the court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to any applicable abstention doctrine.[26]

This Court finds that RLI's complaint alleges sufficient facts to establish that an actual controversy is currently before the court and that the court has authority to decide that controversy.  Nevertheless, this Court must decide whether the parties' dispute should be decided or whether it should be stayed or dismissed under an applicable abstention doctrine.

## III.  SHOULD THE COURT ABSTAIN?

In this lawsuit, RLI seeks a determination that its insurance polices are void due to misrepresentations made by the insured during the application process and should therefore be rescinded.  The intervenors contend that this action should be

---

[24]     *American States v. Bailey*, 133 F.3d at 368.

[25]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778.

[26]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778; *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981).

dismissed or stayed so that the issue can be decided in the related state-court proceeding.

## A.   THE POWER TO ABSTAIN

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[27]  Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[28]  In "extraordinary and narrow" circumstances,[29] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[30]  However, "as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from

---

[27]      *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007) (unpublished); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

[28]      *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[29]      *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[30]      *Colorado River v. United States*, 424 U.S. at 813.

enjoining the state proceedings under the Anti–Injunction Act,"[31] which generally precludes a federal court from staying state-court proceedings.  "[T]he issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity."[32]

As explained by the Fifth Circuit, "[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief."[33] If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*[34] and *Brillhart v. Excess Ins. Co. of America*,[35] but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United*

---

[31]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 776.

[32]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 776.

[33]     *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).  See, also, *Century Sur. Co. v. Blevins*, 799 F.3d 366, 373 (5th Cir. 2015).

[34]     *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995).

[35]     *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

*States*[36] is applied.[37]   Furthermore, even when neither the *Wilton/Brillhart* standard nor the *Colorado River* standard is applicable, "district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding."[38]   "Such a stay should not be granted unless the other tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed litigation.   The court also should consider whether the federal action serves some purpose beyond mere duplication of effort."[39]

## B.   WHICH STANDARD APPLIES?

In the Fifth Circuit, the *Colorado River* standard applies when an action includes both declaratory and coercive or injunctive claims for relief.[40]   However, the Fifth Circuit recognizes two exceptions to applicability of the *Colorado River* standard.   The *Colorado River* standard is not applied if the claims for coercive relief

---

[36]     *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

[37]     *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).

[38]     *Primerica Life Insurance Co. v. Twyman*, No. 3-01-CV-1659-BD, 2002 WL 83750, at *3 (N.D. Tex. Jan. 14, 2002).  See, also, *Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983).

[39]     *Primerica v. Twyman*, 2002 WL 83750, at *3 (internal citations omitted), citing *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

[40]     *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009); *Black Sea v. United Heritage*, 204 F.3d at 649; *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994).

are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*.[41]

RLI's complaint seeks only declaratory relief.  Although the prayer at the end of the complaint also seeks "[s]uch other and further relief to which RLI may show itself justly entitled" (Rec. Doc. 1 at 6), there is no express request for the recovery of court costs, attorneys' fees, or any other category of monetary relief.  There is authority for the proposition that a request for the recovery of defense costs asserted in an action seeking a coverage declaration does not transform the action from a declaratory judgment action to an action seeking coercive relief.[42]  Furthermore, the Fifth Circuit has "rejected the argument that coercive claims that are merely 'ancillary' to the declaratory action are not sufficient to warrant application of *Colorado River*."[43]  This Court finds that any claim RLI might have for non-declaratory relief is purely ancillary to its claim for a declaratory judgment.  Accordingly, this Court finds that the *Wilton/Brillhart* standard provides the proper framework for analyzing whether the court should abstain from resolving the dispute presented in this lawsuit.

---

[41]     *New England v. Barnett*, 561 F.3d at 395-96.

[42]     *Massachusetts Bay Insurance Co. v. Lewis*, No. 10-585-BAJ-DLD, 2011 WL 1261145 (M.D. La. Mar. 31, 2011).

[43]     *New England v. Barnett*, 561 F.3d at 397.

## C.    SHOULD THE COURT ABSTAIN?

In *Wilton v. Seven Falls Company*, the United States Supreme Court confirmed

its prior decision in *Brillhart v. Excess Ins. Co. of America*, by stating that

> [i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.[44]

The Supreme Court concluded that it is within a district court's discretion to stay an

"action for declaratory relief where parallel proceedings, presenting opportunity for

ventilation of the same state law issues, were underway in state court."[45]

To assist in defining the parameters of a district court's discretion, the Fifth

Circuit developed a seven-factor test for deciding whether to retain jurisdiction over

declaratory judgment actions.[46]   The factors are not exhaustive, mandatory, or

exclusive,[47] and they address three broad considerations – federalism, fairness/

improper forum shopping, and efficiency.[48]   The factors are:  (1) whether there is a

---

[44]      *Wilton v. Seven Falls Company,* 515 U.S. at 288.

[45]      *Wilton v. Seven Falls Company*, 515 U.S. at 290.

[46]      *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  See, also, *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778 (citing the first six factors).

[47]      *Granite State v. Tandy Corp.*, 986 F.2d at 96.

[48]      *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

pending state-court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[49]   This Court finds that, in this case, the seven factors favor the court maintaining jurisdiction over this case.

In this case, the first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, could potentially weigh in favor of abstention.   "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."[50]   No question of federal law has been presented in this case or in the state-court action.   "[I]f the federal declaratory judgment action raises only

---

[49]      *St. Paul v. Trejo*, 39 F.3d at 590-91.

[50]      *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[51]   This factor has sometimes been considered "of paramount concern."[52]

When this case began, however, the intervenors had not yet filed suit in Louisiana state court, seeking recovery for their damages.  This lawsuit was filed on April 1, 2016, and the intervenors' state-court action was filed two weeks later, on April 14, 2016.  Whether RLI's insurance policies are void and consequently provide no coverage for the accident that is the basis of the intervenors' state-court action is an issue that RLI will have to raise as a defense in the state-court action in order for it to be litigated there.  That issue is not one that was articulated in the state-court complaint, but if raised, that issue could be competently resolved in that forum.  RLI argues persuasively, however, that including the issue of the viability of RLI's policies in the context of the existing state-court lawsuit could cause jury confusion, prevent a fair and impartial trial, give one party an undue advantage, or prejudice the rights of a party, precluding the parties' ability to fully litigate all relevant issues in one forum.

---

[51]   *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

[52]   *American Fidelity Insurance Co. v. Acadian Geophysical Services, Inc.*, No. Civ.A. 97-2915, 1997 WL 786233, at *2 (E.D. La. Dec. 18, 1997).

This Court finds it significant that the issue raised in this lawsuit is not whether RLI's excess insurance policies afford coverage for the tort claims articulated by the state-court plaintiffs (the intervenors in this suit) but a pure contractual issue between RLI, the insurer, and Mr. Pugh, the alleged insured.   Although the intervenors are seeking, in the state-court action, to recover under the insurance policies, and they felt compelled to intervene in this lawsuit in order to protect their interests, their presence in this lawsuit is not necessary to the resolution of the ultimate issue before the court. They will not be able to provide factual testimony concerning Mr. Pugh's applications for insurance coverage or the facts substantiating whether Mr. Pugh did or did not make material misrepresentations when he applied for coverage.   No information regarding the accident that forms the basis for the state-court action will be necessary in this lawsuit.  Significantly, whether RLI's policies afford coverage for that accident is not before the federal court.   The only issue to be resolved in this forum on the merits of RLI's claim against its alleged insured is the narrow issue of whether the policies were void at the time they were issued and should for that reason be rescinded.

This Court finds that this is not the typical scenario presented when a tort suit is pending in state court and the insurer files a declaratory judgment action in federal court.  Usually, the insurer is seeking to have the federal court decide whether it has

a duty to defend or indemnify its insured under the particular facts of an incident in which a third party to the insurance contract was allegedly injured.  In such cases, the federal court will usually abstain and let the coverage issues be decided by the state court.[53]  This case is different, and the intervenors did not cite a case in which the insurer sought rescission of its policy *ab initio* and the federal court abstained.  This Court finds that, under the specific facts of this case, the first factor of the requisite analysis does not weigh heavily in favor of abstention.  While the state court could litigate the issue presented in this suit, this Court finds that the better course of action would be to keep the contractual dispute between RLI and Mr. Pugh separate from the issues raised in the state-court tort suit.

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.  In this case, the state-court lawsuit had not yet been filed when RLI initiated this lawsuit.  Although no evidence has been presented on this point, RLI may have initiated this action in anticipation of the state-court suit being filed against it.  However, a proper purpose of the Declaratory Judgment Act "is to allow potential defendants to resolve a dispute without waiting

---

[53]      See, e.g., *Montpelier US Ins. Co. v. Henry*, No. 6:13-cv-00773, 2014 WL 1713407 (W.D. La. Apr. 29, 2014); *Accident Ins. Co., Inc. v. Blanchet*, No. 13-0387, 2013 WL 3868091 (W.D. La. July 22, 2013); *Parker Drilling Offshore v. Lee*, 2013 WL 3779280, at *6 (W.D. La. July 17, 2013); *Royal Manufactured Homes, LLC v. New Hampshire Ins. Co.*, 2012 WL 704086 (W.D. La. Mar. 1, 2012).

to be sued."[54]   Therefore, "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court."[55]   This Court finds that this factor is neutral.

The third factor is whether RLI engaged in forum shopping in bringing the suit. Although RLI decided to bring suit in this forum rather than in Louisiana state court, there is no evidence that it selected this forum to gain some sort of improper advantage.   Important to this inquiry is "whether there was a legitimate reason to be in federal court."[56]   A desire to avoid a plaintiff-friendly state court jury is not an illegitimate reason for selecting a forum.[57]   Similarly, a party seeking to avail itself of the traditional justification for diversity jurisdiction, ensuring fairness for out-of-state litigants, is not an illegitimate reason for filing suit in federal court.[58] RLI is an out-of-state company, and there is no evidence that it chose this forum for any improper or illegitimate reason.   This Court finds that this factor does not favor abstention.

---

[54]   *Sherwin-Williams v. Holmes County*, 343 F.3d at 397.

[55]   *Sherwin-Williams v. Holmes County*, 343 F.3d at 397.

[56]   *American Employers' Insurance Co. v. Eagle, Inc.*, 122 Fed. App'x 700, 703 (5th Cir. 2003).

[57]   *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[58]   *American Employers' v. Eagle*, 122 Fed. App'x at 703; *Sherwin-Williams v. Holmes County*, 343 F.3d at 399.

The fourth factor to be considered is whether there are possible inequities in allowing the declaratory judgment action plaintiff to gain precedence in time or to change forums.  A trial date has already been set in this action, and the parties provided no information concerning whether the state-court action has been set for trial.  This suit presents a single issue that is susceptible of resolution by summary judgment, while the state-court action concerns many more parties, many more issues, and a much more complicated context.  It is likely that this suit will be resolved before the state-court action is resolved.  Permitting this case to move forward would create the very real possibility that a ruling on the viability of RLI's insurance policies could be reached rather quickly and then be applied via principles of *res judicata* in the state-court action.[59]  Inequity would result only if the contract-based issue related to RLI's request for rescission of the policies was simultaneously being

---

[59]     The preclusive effect that a decision on the merits in this case might have on the pending state-court action was discussed at oral argument.  Upon reflection, this Court concludes that the federal court's ultimate ruling on the merits of this case will likely have only limited impact on the pending state-court action.  Finding that RLI's insurance policies were void *ab initio* would require a factual finding that intentional misrepresentations were made by the alleged insured at the time that RLI's policies were applied for, but such a finding would not be relevant to the issue of whether intentional misrepresentations were also made when other insurance policies were applied for.  Wholly separate inquiries would be required to make those determinations.  Therefore, such a factual finding would have limited effect on the state-court litigation.  This Court also notes that, because diversity is the basis for the court's subject-matter jurisdiction over this action, Louisiana law will determine the preclusive effect of any judgment rendered in this forum on claims or issues before the state court presiding over the related tort action.  *Snow Ingredients, Incorporated v. SnoWizard, Incorporated*, ___ U.S. ___, 2016 WL 4363181, at *4, n. 9 (5ᵗʰ Cir. 2016); citing *Semtek Int'l Inc. v. Lockheed Martin Corp*., 531 U.S. 497, 508 (2001).

litigated in both lawsuits.  That does not appear to be the case.  Therefore, permitting this suit to move forward would not be inequitable.  This Court finds that this factor weighs in favor of the federal court maintaining this lawsuit.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses.  According to Google maps, the St. Mary Parish courthouse is less than fifty miles and less than an hour's drive from the federal courthouse where this action is pending.  Therefore, this Court is not persuaded that one forum is more convenient than the other.  This Court finds that the two forums are equally convenient.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy.  This is a critical issue.  The state-court suit involves all of the parties to the insurance contracts at issue, but it also involves parties who are not participants in the federal-court litigation.  As originally styled, this lawsuit did not involve the intervenors.  The issue presented in this lawsuit is solely a contractual issue between the insurer and the alleged insured.  Although the intervenors are seeking, in the state-court action, to recover under the insurance policies, their presence in this lawsuit is not necessary to the resolution of the ultimate issue before the court.  They have no testimony that will be critical on factual issues relevant to the viability of the insurance policies.  No information regarding the

accident that forms the basis for the state-court action will be necessary in this lawsuit.  Whether RLI's policies afford coverage for that accident is not before the federal court.  The only issue to be resolved on the merits of RLI's claim against its alleged insured is whether the policies were void at the time they were issued. Retaining the lawsuit in federal court would not impair the goal of judicial economy. To the contrary, it would increase the potential that the goal of judicial economy would be served by resolving the issue of the viability of RLI's insurance policies quickly and efficiently and before RLI is required to participate in extraneous discovery and motion practice in the state-court action.  The goal of judicial economy will not be impaired by proceeding with the prosecution of this lawsuit in this forum.

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the state-court suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the undersigned finds that none of the seven factors weighs heavily in favor of the federal court abstaining, one factor potentially favors abstention, three factors favor maintaining the federal-court lawsuit, and three factors are neutral.  The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit. . . can better be

-24-

settled in the proceeding pending in state court."[60]  "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[61]  The undersigned finds that the dispute presented in this lawsuit should be resolved in this proceeding, separate and apart from the issues presented in the state-court action, rather than in the proceeding that is pending in Louisiana state court.

**CONCLUSION**

The undersigned finds that RLI stated a valid claim for declaratory relief in its complaint and finds that the court has subject-matter jurisdiction over that claim. Accordingly, this Court finds that the appropriate standard to apply in deciding whether to abstain is that articulated in the *Wilton/Brillhart* line of cases.  When that standard is applied, this Court concludes that the better course of action would be for the court to proceed with deciding the merits of the claim before it rather than dismissing or staying this action.  Accordingly, this Court recommends that the pending motion to dismiss (Rec. Doc. 15) be denied.

---

[60]    *American Employers' v. Eagle*, 122 Fed. App'x at 702, quoting *Brillhart v. Excess*, 316 U.S. at 495.

[61]    *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Indus., Inc. v. Continental Oil Co*., 478 F.2d 674, 682 (5th Cir. 1973).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 28th  day of September 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-26-